**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 04 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARK AARON HAYNIE; et al., | No. 14-15531 |
| Plaintiffs-Appellants, | D.C. No. 3:10-cv-01255-SI |
| v. | |
| KAMALA D. HARRIS, Attorney General, Attorney General of California (in her official capacity) and CALIFORNIA DEPARTMENT OF JUSTICE, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Argued and Submitted July 20, 2016
San Francisco, California

Before: GRABER and TALLMAN, Circuit Judges, and RAKOFF,[**] District
Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Jed S. Rakoff, Senior United States District Judge for
the Southern District of New York, sitting by designation.

Brendan Richards alleges that he was wrongfully arrested after California peace officers mistakenly believed his firearms were illegal "assault weapons" under the State's Assault Weapons Control Act (AWCA), Cal. Penal Code § 30500 *et seq*. The Calguns Foundation, Inc., and the Second Amendment Foundation, Inc., are also plaintiffs in this case. The plaintiffs bring an as-applied constitutional challenge to the AWCA and seek an order compelling the California Department of Justice (DOJ) to engage in regulatory rule-making by updating the Assault Weapons Identification Guide (2001 ed.). The district court dismissed the operative complaint, ruling that the plaintiffs lacked standing to seek injunctive relief. We affirm the district court's dismissal as to Richards and the organizational plaintiffs.[1]

**1.** Richards alleges that his fear of future wrongful arrest is chilling the exercise of his Second Amendment rights. We hold that Richards has failed to allege a sufficiently imminent injury for purposes of Article III standing. *See*

---

[1] In a concurrently filed order, we dismiss Mark Haynie's claims as moot because the July 1, 2016, legislative amendments removed the need for clarification on the legality of the bullet button technology. The legislature has now clarified that bullet button firearms fall within the statutory definition of an assault weapon. *See* AB 1135 & SB 880, §§ 1 (amending Cal. Penal Code § 30515). Because Richards' claims are not focused solely on bullet buttons, we find that his case still presents a "live controversy" and is not moot. *Flint v. Dennison*, 488 F.3d 816, 823 (9th Cir. 2007) (internal quotation marks omitted).

*Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (discussing "injury in fact" requirement).

Richards does not allege a "credible threat" of future wrongful arrest. *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979). Rather his fear of future harm rests on a "speculative chain of possibilities," *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1150 (2013), that is insufficient to establish an actual controversy: Richards does not allege specific plans to use his firearms in public; it is entirely speculative whether law enforcement will happen to come across his firearms in the future; and even if an officer were to discover Richards' firearms, it is speculative whether the officer would mistake his lawful weapon for an unlawful assault weapon under the AWCA.

And far from indicating that it plans to initiate future prosecution against Richards under the AWCA, the California DOJ actually *assisted* Richards in having his charges dropped after his two arrests. Accordingly, Richards' "[a]llegations of a subjective 'chill' [of his Second Amendment rights] are not an adequate substitute for a claim of specific present objective harm or a threat of specific future harm." *Laird v. Tatum*, 408 U.S. 1, 13–14 (1972) (citation omitted).

**2.** Similarly, we hold that Richards has failed to show a "likelihood of substantial and immediate irreparable injury"—an additional requirement that must

3

be met to warrant the equitable relief he seeks. *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) (citation omitted).

**3.** We further hold that both organizational plaintiffs—the Calguns Foundation and the Second Amendment Foundation—lack standing because Richards lacks standing to sue in his own right. *See San Diego Cty. Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1130–31 (9th Cir. 1996). Both organizations have also failed to establish "direct standing to sue," as they have not alleged any additional claims of injury that are "independent of the lawsuit filed by the plaintiff[s]." *Fair Hous. Council of San Fernando Valley v. Roommate.com, LLC*, 666 F.3d 1216, 1219 (9th Cir. 2012) (citation omitted).

Each party shall bear its own costs.

**AFFIRMED.**

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARK AARON HAYNIE; et al., | No.    14-15531 |
| Plaintiffs-Appellants, | D.C. No. 3:10-cv-01255-SI |
| v. | |
| KAMALA D. HARRIS, Attorney General, Attorney General of California (in her official capacity) and CALIFORNIA DEPARTMENT OF JUSTICE, | ORDER* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Argued and Submitted July 20, 2016
San Francisco, California

Before: GRABER and TALLMAN, Circuit Judges, and RAKOFF,** District
Judge.

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The Honorable Jed S. Rakoff, Senior United States District Judge for
the Southern District of New York, sitting by designation.

Mark Haynie alleges that he was wrongfully arrested after California peace officers mistakenly believed his firearm was an illegal "assault weapon" under the State's Assault Weapons Control Act (AWCA), Cal. Penal Code § 30500 *et seq*. Haynie's firearm was functionally identical to the "popular and common Colt AR-15 rifle," except that Haynie's rifle contained a "bullet button" designed to temporarily attach a magazine to a rifle. Haynie seeks an order compelling the California Department of Justice to clarify the legality of the "detachable magazine feature and bullet-button technology."

Before the most recent amendments to § 30515 of the AWCA, the statute defined an "assault weapon" as a "semiautomatic, centerfire rifle that has the capacity to accept a detachable magazine" and that contains any one of several specified attributes, such as a pistol grip or a flash suppressor. Cal. Penal Code § 30515. In its supplemental letter brief filed on July 14, 2016, the State conceded that bullet button firearms, which have a magazine that can be removed from the firearm only with the use of a bullet, did not fall within the AWCA's former definition of "assault weapon" found in § 30515.

However, on July 1, 2016, Governor Jerry Brown signed into law Assembly Bill 1135 and Senate Bill 880. *See* AB 1135 & SB 880, §§ 1 (amending Cal. Penal Code § 30515). These bills changed the law by *including* weapons equipped with

a bullet button within the statutory definition of an assault weapon. Rather than defining an assault weapon as a firearm with the "capacity to accept a detachable magazine" as before, the amended legislation now defines an assault weapon as one that "does not have a fixed magazine." *Id.* The amendment further defines a "fixed magazine" as "an ammunition feeding device contained in, or permanently attached to, a firearm in such a manner that the device cannot be removed without disassembly of the firearm action." *Id.*

These recent legislative amendments clarify the alleged ambiguities surrounding the bullet button technology under § 30515 of the AWCA: now, weapons equipped with a bullet button will be deemed not to have a "fixed magazine" as defined in the amendments and will be considered assault weapons if they also have one of the specified attributes listed in § 30515. Accordingly, we dismiss Haynie's claims as moot because the amended legislation has removed the need for clarification on the legality of the bullet button technology. *See Stratman v. Leisnoi, Inc.*, 545 F.3d 1161, 1167 (9th Cir. 2008) ("We have repeatedly recognized that the enactment of a new law that resolves the parties' dispute during the pendency of an appeal renders the case moot."); *Consejo de Desarrollo Economico de Mexicali, A.C. v. United States*, 482 F.3d 1157, 1168 (9th Cir. 2007) ("If legislation passing constitutional muster is enacted while a case is pending on

3

appeal that makes it impossible for the court to grant any effectual relief, the appeal must be dismissed as moot.").

Each party shall bear its own costs.

**DISMISSED.**